### ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. R. C. STANLEY.

Decided October 31, 1908.

**Appeal—Defective Brief.**

Where appellant's brief fails to point out wherein the charge of the trial court is on the weight of the evidence or authorizes a double recovery, assignments of error based upon such supposed errors will not be considered.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*Spoonts, Thompson & Barwise,* for appellant.

*Buck, Cummings, Doyle & Bouldin,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an appeal by the defendant in a personal injury case, and the errors assigned consist in an attack on the court's charge, first, for being on the weight of the evidence, and

next for allowing a double recovery. The paragraphs thus criticised are as follows:

"If you find from the evidence that on the occasion in controversy the car next to the car in which plaintiff was working was, without previous warning to him, struck by defendant's moving train with such force that the jar, if any, produced thereby caused a piece of lumber to strike and injure plaintiff; and if you further find that in so operating said train without previously warning plaintiff of its approach, defendant was guilty of negligence, and that such negligence, if any, was the proximate cause of such injury to plaintiff, if any, then you will return a verdict in favor of plaintiff."

"If, under instructions given in this charge, your verdict will be for plaintiff, you will allow him as damages the reasonable value of expenses necessarily heretofore incurred by plaintiff for drugs and for hire of Dr. Coffey in the treatment of plaintiff for said injury, if any, and reasonable compensation for such physical pain, if any, and such mental anguish, if any, and such loss of time from his business, if any, as you find from the evidence plaintiff has heretofore suffered or sustained by reason of his said injury, if any; and if you further find from the evidence that plaintiff's injury, if any, will in the future cause him physical pain or mental anguish, or will in the future impair his ability to labor, then in the event of a verdict for plaintiff you will allow him reasonable compensation therefor, limiting, however, the amount of such allowance to such a sum as would, if paid at the present time, have a present value sufficient to be fair and reasonable."

Appellant's brief fails to indicate wherein the above charge is on the weight of the evidence, unless perhaps it is with respect to the sufficiency of the jar to cause an injury to appellee, but we think it is quite apparent that the charge did not assume that appellant's train struck the car in which appellee was at work with sufficient force to jar and injure him, but submitted the same to the determination of the jury.

Nor does appellant's brief advise us in what respect the charge authorized a double recovery, and we have been unable to discover that it does so. In fact, the brief presents no semblance of error, and the assignments are therefore overruled and the judgment affirmed.

*Affirmed.*

Writ of error refused.